FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 01, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARAH B. C., | No. 1:20-CV-03103-JTR |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 14. Attorney Kathryn Higgs represents Sarah B. C. (Plaintiff); Special Assistant United States Attorney Shata Stucky represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

///

///

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on November 10, 2016, alleging disability since September 5, 2012, due to chronic back pain, sciatica, major depressive disorder with psychosis, anxiety, type II diabetes, and nerve pain in her feet and legs. Tr. 94-95. The applications were denied initially and upon reconsideration. Tr. 167-73, 176-81. Administrative Law Judge (ALJ) M.J. Adams held a hearing on June 11, 2019, Tr. 46-71, and issued an unfavorable decision on June 24, 2019. Tr. 15-30. Plaintiff requested review by the Appeals Council and the Appeals Council denied the request for review on May 26, 2020. Tr. 1-5. The ALJ's June 2019 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 10, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1973 and was 39 years old as of her alleged onset date. Tr. 28. She has a high school education and received a certificate in medical assisting. Tr. 50-51. She last worked in 2011 in a customer service call center. Tr. 52-53, 497. She experienced significant abuse as a child and in her marriage. Tr. 454-55, 494-95, 548. She testified that her primary barrier to working is her fear of leaving her home and her anxiety around other people. Tr. 53-54.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is

defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant has the burden of establishing a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On June 24, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 4, 2014. Tr. 18.[1]

At step two, the ALJ determined Plaintiff had the following severe impairments: obesity, diabetes, diabetic neuropathy, sleep apnea, chronic lower back pain with sciatica, depressive disorder with psychotic features, chronic pain syndrome, anxiety disorder, and PTSD. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18-21.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could:

> occasionally lift and carry 20 pounds and frequently lift and/or carry 10 pounds. She may stand and/or walk for about four hours out of an eight-hour workday with normal breaks, and she may sit for about six hours out of an eight-hour workday with normal breaks. She may occasionally climb ramps and stairs; she may occasionally climb ladders, ropes, and scaffolds; she may frequently balance; and she may occasionally kneel, crouch, and crawl. She has no manipulative, visual, or communication limitations. She must avoid concentrated exposure to extreme cold, extreme heat, and wetness; she must avoid concentrated exposure to vibrations, fumes, odors, dusts, gases, and poor ventilation; and she must avoid concentrated exposure to hazards such as machinery and unprotected heights. She can understand, remember, and carry out simple instructions. She can exercise simple workplace judgment, and she can perform work that is learned on the job in less than 30 days by short demonstration and practice or

---

[1] Due to a prior application that was denied on September 3, 2014, the ALJ used September 4, 2014 as the beginning of the relevant period. Tr. 15.

>repetition. She can stay on task and be in attendance at least 90% of the workday with customary breaks and rest periods. She can respond appropriately to supervision, but she should not be required to work in close coordination with coworkers where teamwork is required. She can deal with occasional changes in the work environment. She can do work that requires no interaction with the general public to perform the work task, but it does not preclude working in an environment where the public may be present.

Tr. 21.

At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a customer service representative. Tr. 28.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff was capable of performing, including the jobs of document preparer, addresser, and assembler. Tr. 29.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from September 4, 2014, through the date of the decision. Tr. 29-30.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting medical opinion evidence; (2) improperly rejecting Plaintiff's subjective complaints; and (3) making step five findings based on an RFC that did not account for all of Plaintiff's limitations.

## DISCUSSION

**1.     Plaintiff's subjective statements**

ORDER GRANTING DEFENDANT'S MOTION . . . - 5

1    Plaintiff alleges the ALJ improperly disregarded her subjective symptom reports. ECF No. 13 at 13-16.

It is the province of the ALJ to make determinations regarding a claimant's subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, he found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms to be not entirely consistent with the medical evidence and other evidence in the record. Tr. 22. The ALJ found Plaintiff's allegations to be out of proportion with the findings on exams, inconsistent with her course of treatment, inconsistent with her demonstrated abilities with respect to social functioning, and generally undermined by her inconsistent statements regarding past drug use. Tr. 22-25.

Plaintiff argues the ALJ failed to make specific findings and simply used selective citations from the medical records to discredit her statements without explaining any of the alleged inconsistencies. ECF No. 13 at 14-15. She further

argues that normal findings on any particular mental status exam are not indicative of her long-term functional abilities, given the nature of mental illness and the waxing and waning of symptoms. *Id.* at 15-16. Defendant argues the ALJ reasonably considered Plaintiff's minimal and conservative treatment, Plaintiff's inconsistent statements, and the lack of support from the medical evidence. ECF No. 14 at 3-11.

The Court finds no error. In evaluating a claimant's reports, an ALJ may consider the type and effectiveness of treatment an individual receives. Social Security Ruling 16-3p. Unexplained or inadequately explained reasons for failing to seek medical treatment or follow a prescribed course of treatment can cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996) (finding the ALJ's decision to reject the claimant's subjective pain testimony was supported by the fact that claimant was not taking pain medication). The ALJ reasonably considered the record in finding the course of treatment Plaintiff underwent for her physical and mental conditions did not align with the severity of her alleged impairments, including her minimal mental health counseling and declining workup for her physical issues. Tr. 23, 24-25.

Although it cannot serve as the sole ground for rejecting a claimant's symptom statements, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ pointed to the generally unremarkable physical and mental status exams throughout the record that fail to support limitations to the extent alleged by Plaintiff. The ALJ's interpretation of the record is reasonable. While Plaintiff identifies some objective findings that are supportive of her allegations, when the evidence can reasonably support either affirming or reversing a decision, the Court may not substitute its judgment for that of the Commissioner. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

Finally, an ALJ may consider inconsistent statements by a claimant in assessing her credibility. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). While a single discrepancy does not justify the wholesale dismissal of a claimant's testimony, Plaintiff's inconsistent statements regarding her past substance use were a legitimate factor for the ALJ to consider.

The Court therefore finds the ALJ offered clear and convincing reasons for his assessment of Plaintiff's subjective reports.

**2.    Opinion evidence**

Plaintiff alleges the ALJ improperly assessed the opinion evidence. ECF No. 13 at 6-13, 19. Specifically, she asserts the ALJ improperly rejected the opinion from consultative examiner Dr. Alexander Patterson, failed to provide an opinion regarding Dr. Roland Dougherty, and failed to incorporate all limits noted by the state agency reviewing doctors. *Id.*

*a. Dr. Alexander Patterson*

When an examining physician's opinion is contradicted by another physician, the ALJ may reject the opinion by providing "specific and legitimate reasons," based on substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Plaintiff attended a consultative psychological exam with Dr. Patterson in January 2017. Tr. 547-52. Dr. Patterson diagnosed Plaintiff with unspecified psychotic disorder, unspecified major depressive disorder, PTSD, amphetamine use disorder in sustained full remission, and rule out borderline personality disorder. Tr. 551. He opined her prognosis was poor, that her conditions appeared to cause functional difficulty in most life spheres, and noted she was unlikely to experience significant improvement over the short-term, even with ongoing

treatment. *Id.* His functional assessment indicated Plaintiff would have difficulty in all work-related areas, including performing simple and repetitive tasks, accepting instructions from supervisors, interacting with coworkers and the public, performing work activities on a consistent basis, maintaining regular attendance, completing a normal workday without psychiatric interruptions, and dealing with usual workplace stress. Tr. 551-52.

The ALJ gave this opinion little weight, noting it was inconsistent with the longitudinal record, inconsistent with Plaintiff's minimal mental health treatment, appeared based in part on Plaintiff's self-reported symptoms that were unreliable and unsupported by the record, and was internally inconsistent with Plaintiff's performance on formal mental status testing. Tr. 26-28.

Plaintiff argues the ALJ's rationale is not specific and legitimate, as the record contains objective evidence of Plaintiff's mental impairments that is supportive of Dr. Patterson's opinion. ECF No. 13 at 7-11. She further argues the ALJ selectively cited the record and misconstrued the nature of mental health impairments. *Id.* at 7-13. Defendant argues the ALJ reasonably interpreted the record in finding the opinion inconsistent with other evidence, internally inconsistent, and overly reliant on Plaintiff's self-reports. ECF No. 14 at 13-17. Defendant further asserts the Court should defer to the ALJ's rational interpretation, even if the evidence could support a different outcome. *Id.* at 17-18.

The Court finds the ALJ did not err. An ALJ may reasonably consider the consistency of an opinion with the rest of the record. 20 C.F.R. § 404.1527(c)(3). As noted by the ALJ, the record contains many notations of normal mental status, and minimal treatment or recommendations for treatment for mental health conditions. Tr. 24-25. While Plaintiff points to some findings that are supportive of Dr. Patterson's opinion, the ALJ's interpretation is reasonable. A doctor's opinion may also be discounted if it is "based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue,* 533 F.3d

ORDER GRANTING DEFENDANT'S MOTION . . . - 9

1035, 1041 (9th Cir. 2008). Dr. Patterson assessed a number of limitations due to Plaintiff's active hallucinations and delusions, based on Plaintiff's reports of regularly hearing voices, though she denied any hallucinations at the time of the appointment. Tr. 550-51. As the ALJ noted, the record contains no documentation of Plaintiff responding to internal stimuli or experiencing panic episodes that were witnessed. Tr. 27. As discussed above, the ALJ offered sufficient reasons for questioning the reliability of Plaintiff's subjective reports. The ALJ's analysis is supported by substantial evidence.

> *b. Dr. Roland Dougherty*

In August 2014 Plaintiff attended a consultative psychological exam with Dr. Roland Dougherty. Tr. 494-500. Dr. Dougherty diagnosed her with PTSD, dysthymia, social phobia, methamphetamine dependence in sustained remission, and borderline personality features. Tr. 499. He opined Plaintiff had the ability to do at least some detailed and complex tasks and was able to interact with coworkers and the public, though it may be difficult due to her social anxiety. Tr. 500. He further opined Plaintiff would have a good deal of difficulty maintaining regular attendance, completing a normal workday, and dealing with stress in the workplace. *Id.*

The ALJ noted this opinion was offered as part of a prior application that was already adjudicated, and the opinion was therefore given little weight as it predated the period at issue. Tr. 25.

Plaintiff asserts the ALJ erred by not providing any opinion regarding the credibility of Dr. Dougherty. ECF No. 13 at 7. Defendant argues that because the opinion predates the relevant period, it was not significant probative evidence and the ALJ did not err in assigning it little weight. ECF No. 14 at 12-13.

The Court finds the ALJ did not err. Because the opinion predates the relevant period, it is not probative of Plaintiff's abilities for purposes of this application and the ALJ did not err in assigning it little weight. *Fair v. Bowen*, 885

F.2d 597, 600 (9th Cir. 1989). Plaintiff did not offer any argument as to why the ALJ's rationale was not reasonable. ECF No. 13 at 7.

      *c. Dr. Renee Eisenhauer and Dr. John Robinson*

At the initial and reconsideration stages of adjudication, Plaintiff's file was reviewed by Dr. Renee Eisenhauer and Dr. John Robinson. Tr. 104-06, 138-40. Both doctors opined Plaintiff had moderate limitations in a variety of work-related abilities, but was nevertheless capable of performing simple and well-learned semi-skilled work tasks and having brief superficial interactions with coworkers and supervisors and minimal interactions with the general public. *Id.* The ALJ gave these opinions significant weight, noting they were consistent with the longitudinal record. Tr. 26.

Plaintiff asserts the ALJ erred in failing to fully apply the various moderate limitations the doctors noted, including the ability to maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances, and complete a normal workday and workweek without interruptions from psychologically based symptoms. ECF No. 13 at 19.

The Court finds no error. The form completed by Dr. Eisenhauer and Dr. Robinson contains ratings in various categories then requested the doctor "Explain in narrative form" the degree of specific capacities or limitations. Tr. 104-05, 138-40. These narrative portions specify the actual functional limitations the doctors found stemmed from the various moderate limitations assessed. The ALJ accounted for all concrete limitations offered, and indeed found Plaintiff to be more limited than the state agency doctors recommended.

**4. Step five**

Plaintiff argues that the step five findings are insufficient, as the hypothetical posed to the vocational expert failed to account for all of Plaintiff's limitations. ECF No. 13 at 17-19. Plaintiff's argument is based on successfully showing that

the ALJ erred in his treatment of the evidence. *Id*. Because the Court finds that the ALJ did not harmfully err in his assessment of Plaintiff's symptom statements and the medical opinion evidence, Plaintiff's argument is without merit.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED April 1, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE